IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTIRCT OF NORTH CAROLINA

No. 1:18-CV-516-___

| | |
|---|---|
| Lanelle Dort, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| EquityExperts.Org, LLC,<br>a Michigan company, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, LANELLE DORT, BY AND THROUGH

COUNSEL, Patrick Blair, and for her Complaint against the Defendant, pleads as

follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act

   ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the

   City of Durham, Durham County, North Carolina.

3. Venue is proper in the Middle District of North Carolina.

## PARTIES

4. Plaintiff is a natural person residing in City of Durham, Durham County, North Carolina.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Ravenstone Homeowners Association, Inc. ("the Association") regarding unpaid home owners association dues ("HOA dues") in the amount of $890.25 ("the alleged Debt").

7. Ms. Dort's HOA dues are approximately $146.37, which she pays quarterly.

8. On or about November 30, 2016, Ms. Dort received a letter from HRW, Inc. ("HRW"), the management company for the Association, stating that her HOA dues for 2017 are $146.37 per quarter.

9. On or about January 9, 2018, Ms. Dort received a correspondence from HRW stating that she owed a current balance of $593.88 to the Association.

10. On January 24, 2018, Ms. Dort made an online payment of $209.95 to HRW.

11. In February 2018, Ms. Dort fell behind on her payments to the Association and her account was sent to Defendant for collection. At that time, she owed $413.88.

12. On or about March 5, 2018, Ms. Dort received a letter from Defendant attempting to collect the Alleged Debt. In its letter, Defendant stated that Ms. Dort owed a current balance of $683.88 for the Alleged Debt.

13. On or about April 9, 2018, Ms. Dort received another letter from Defendant attempting to collect the Alleged Debt.

14. In its letter, Defendant stated Ms. Dort owed a current balance of $870.25. Defendant also stated that if the Alleged Debt is not paid within 15 days of the date of its letter, additional collection costs of $395.00 will be incurred. In addition, attorney's fees will be incurred to prepare and file the lien.

15. Defendant attached a Collection Activity and Cost Notice to the letter detailing its own standard collection fees.

16. On or about April 11, 2018, Ms. Dort received a Statement of Account from Defendant showing that Defendant charged her an excessive fee for "Dunning Letter NC" on 03/05/18 in the amount of $270.00. The bogus fee is not based on any contract or statute.

17. Shortly thereafter, Ms. Dort contacted Defendant. A representative told Ms. Dort that they're charging her a $270 fee and $100 per month to enter into a repayment plan.

18. The representative also told Ms. Dort that if she doesn't pay the alleged Debt by April 24, 2018, that a lien will be placed on her home on April 25, 2018.

19. On or about April 26, 2018, Plaintiff received a letter from Defendant stating that a lien has been initiated against her property in the amount of $1,285.25.

20. In addition, Defendant has charged Plaintiff a $395.00 lien filing processing fee. Also, Defendant attached an unsigned Claim of Lien to the letter.

21. On or about May 7, 2018, Plaintiff received a letter from Defendant attempting to collect the Alleged Debt.

22. In its letter, Defendant stated that the current balance is $1,635.25. Also, if Plaintiff fails to pay the delinquent balance, the Association may refer this matter to an attorney to commence legal action to collect the Alleged Debt.

23. None of the fees and charges that were unilaterally assessed to Plaintiff by the Defendant are based on any contract that Plaintiff has with her home owner's association nor on any statute.

24. Ms. Dort suffered statutory, pecuniary and emotional damages as a result of Defendant's actions. Defendant has unjustly charged Ms. Dort an inflated fee and intends to charge additional inflated fees, which doesn't have any statutory or contractual basis as required under the Fair Debt Collection Practices Act.

## <u>VIOLATION OF</u>

## <u>THE FAIR DEBT COLLECTION PRACTICES ACT</u>

25. Plaintiff reincorporates the preceding allegations by reference.

26. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

27. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

28. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. The Alleged Debt, aside from the Defendant's bogus and illegal charges, were incurred for personal, family or household use.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees;

   b. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt and charged excessive fees;

   c. 15 U.S.C. § 1692e(2)(B) by a false representation of any services rendered or compensation which may be lawfully received by charging excessive fees and threatening to charge Plaintiff for the filing of a lien to collect the Debt;

d. 15 U.S.C. § 1692e(4) by representing that nonpayment of a debt could result in the sale of property when sale is not authorized by law. Defendant violated this provision by filing a lien to force payment of bogus and illegal charges;

e. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Defendant violated this provision by threatening to file a lien to force payment of excessive charges;

f. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt and charging excessive fees; and

g. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt and charging excessive fees.

31. To date, and a direct and proximate cause of the Defendant's actions, the Plaintiff has continued to suffer from emotional distress. Defendant has willfully charged Plaintiff excessive fees and intends to charge Plaintiff additional excessive fees, costing Plaintiff economic opportunities.

32. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

33. Defendant's actions in violating the FDCPA were purposeful, knowing and willful.  Defendant has engaged in this kind of illegal activity around the country, leaving a raft of Plaintiff/victims in its wake.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a.  Actual damages;

b.  Statutory damages;

c.  Statutory costs and attorneys' fees; and

d.  Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  June 19, 2018

By: /s/ Patrick Blair
Patrick Blair
Law Office of Patrick Blair
5401 Red Fox Dr.
Oak Ridge, NC 27310
Telephone: (310) 422-0543
Email: patblair@hotmail.com
State Bar No. 48196
Counsel for Plaintiff

Of Counsel for:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840